UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-80492-Civ-Middlebrooks/Brannon

JORDAN KUPPINGER, M.D., and
GERALD MOLLOY, M.D.,

    Plaintiffs,

v.

JM.JZ Enterprises, Inc. d/b/a COASTAL HEALTH GROUP, a Florida Corporation, JOHN A. MCCLELLAN, MICHAEL CUTLER, and CHEIKH ROBERTSON

    Defendants.

_____/

**DEFENDANT JM.JZ ENTERPRISES, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS [DE 31]**

Defendant, JM.JZ Enterprises, Inc d/b/a Coastal Health Group ("Defendant" or "JMJZ"), by and through his undersigned counsel, replies to Plaintiffs' Response to Defendant's Motion to Dismiss [DE 31] as follows:

**I.    The Amended Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 10(b) because it constitutes a shotgun pleading.**

In the Motion to Dismiss, Defendant JM.JZ described in detail the reasons why Plaintiffs' Amended Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 10(b) and thus constitutes a shotgun pleading that fails to give JM.JZ adequate notice of the claims brought against it. In their Response, Plaintiffs have conceded that in the vast majority of the Amended Complaint, they have lumped the Defendants together and not parsed out who did what. Nevertheless, Plaintiffs argue that this is not fatal to their Amended Complaint because: (1) all of the Defendants

1

committed the same actions; and (2) the Amended Complaint does not contain a claim for fraud that requires pleading with particularity.

Although there is case law cited in Plaintiffs' response standing for the proposition that accusing a group of defendants collectively does not necessarily render a pleading deficient, this is a fact-specific inquiry that requires the Court to look at the totality of the pleading to determine whether the allegations provide each of the defendants with requisite notice of the claims against them. Moreover, as is evident by *Gazzola v. NCL (Bahamas) Ltd.*, Case No.: 19-21535-CIV-MORENO, 2019 WL 3067506, at *2 (S.D. Fla. 2019), which was cited in the Motion to Dismiss and dealt with a negligence claim, just because a complaint does not contain a count for fraud does not mean that the plaintiff is free to leave out pertinent facts. In looking at the totality of the instant pleading, and for the reasons stated in the Motion to Dismiss, it is clear that the Amended Complaint constitutes a shotgun pleading.

A prime example of the complete lack of notice provided by the Amended Complaint relates to the allegations surrounding Plaintiffs' claim for negligent inflection of emotional distress (Count IV), for which Plaintiffs seek to hold JM.JZ vicariously liable (Count V). In the general allegations under the heading "Inflictions of Emotional Distress" and in the allegations contained in Count IV, Plaintiffs ambiguously allude to "outrageous conduct" and "actions on behalf of the Corporation", but largely fail to specify what, in fact, these actions are or when they occurred or who committed them. Amended Complaint, ¶¶ 77-79, 114-18. The only actions that Plaintiffs delineate are the supposedly retaliatory conduct (removing Plaintiffs from their employment and directorial positions at JM.JZ) and the over-scheduling of Dr. Kuppinger's patients on one occasion (date not specified). Regardless of whether a pleading contains a claim for fraud, "[a]n allegation of time or place is material when testing the sufficiency of a pleading." Fed. R. Civ. P.

9(f). With respect to the alleged overscheduling of patients, Plaintiffs failed to specify a time, and with respect to the remaining instances of "outrageous conduct" and "actions on behalf of the Corporation" (except for the supposedly retaliatory conduct), Plaintiffs failed to specify anything at all. Essentially, the Amended Complaint alleges that unspecified Defendants did unspecified things to make Dr. Kuppinger upset. This falls far short of the notice pleading requirements of the Federal Rules of Civil Procedure, requiring dismissal.

II.     **Plaintiffs fail to state a cause of action for vicarious liability.**

Plaintiffs seek to hold JM.JZ vicariously liable for the Individual Defendants' alleged negligent infliction of emotional distress upon Dr. Kuppinger. As is delineated in the Motion to Dismiss, although Plaintiffs plead that the Individual Defendants' actions were taken on behalf of JM.JZ and in furtherance of JM.JZ's interests, these are mere legal conclusions unsupported by allegations of fact. As is further delineated in the Motion to Dismiss, the allegations regarding the scheduling of patients in fact demonstrate that same could not have been taken on behalf of JM.JZ and was not in furtherance of JM.JZ's interests, because the Individual Defendants were not employed in a scheduling capacity, and because the actions would have reflected poorly on JM.JZ and caused patients to leave the practice—something that is not in JM.JZ's interest.

In the Response, Plaintiffs state that they were not required to plead more specifically, and further state that the issue of whether the scheduling of patients falls within the scope of the Individual Defendants' agency is a fact-intensive inquiry that is not appropriately resolved at the motion to dismiss stage. For the reasons stated in the Motion to Dismiss, JM.JZ believes that resolution of the scheduling issue is proper at this stage because the allegations, interpreted in the light most favorable to Plaintiffs, do not establish that the actions were taken on behalf of JM.JZ and in furtherance of JM.JZ's interests. Nevertheless, even if this Court disagrees on that particular

point, dismissal is still appropriate because the scheduling issue is not the only basis asserted in Plaintiffs' Negligent Infliction of Emotional Distress Claim. As addressed in the Motion to Dismiss and in Section I above, Count IV for Negligent Infliction of Emotional Distress improperly seeks to hold JM.JZ liable for an unknown number of unspecified acts committed at unspecified times by unspecified Individual Defendants. Because Plaintiffs failed to adequately plead the nature of these additional acts, it is impossible to determine from the Amended Complaint whether there would be a plausible basis to hold JM.JZ vicariously liable for such acts. Accordingly, Plaintiffs failed to state a claim for vicarious liability, and dismissal is required.

As is additionally delineated in the Motion to Dismiss, dismissal is required for the additional reason that Plaintiffs failed to plead a specific theory of vicarious liability—*i.e.*, whether the vicarious liability is based upon actual agency or apparent agency. In the Response, Plaintiffs state that paragraphs 120 and 122 resolve this issue and demonstrate that their theory of vicarious liability is based upon actual agency. However, the allegations contained in paragraphs 120 and 122 that Defendants McClellan, Cutler, and Robertson "are employees and directors of the Corporation" and "acted in the scope of their employment" do not fulfill the pleading requirements of actual agency. Specifically, Plaintiffs failed to plead whether "the principal acknowledges that the agent will act for it, the agent accepts the undertaking, and the principal controls the agent's actions." *Noon v. Carnival Corp.*, Case No.: 18-23181-Civ-Williams/Torres, 2018 WL 6807377, at *4 (S.D. Fla. 2018) (citing *Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, at *10 (S.D. Fla. June 5, 2012)). Because Plaintiffs were required but failed to plead the elements of actual agency, dismissal is required.

**III.     Plaintiffs' claims for punitive damages should be stricken because Plaintiffs have failed to make a showing of intentional misconduct.**

In the Motion to Dismiss, JM.JZ argued that Plaintiffs' claims for punitive damages should be stricken because Plaintiffs have failed to make a showing of intentional misconduct. In the Response, Plaintiffs noted that they are no longer seeking punitive damages in connection with Count III (which they dismissed), Count IV, and Count V, but are still seeking punitive damages in connection with Count VI for Conversion. With respect to Count VI for Conversion, Plaintiffs argue that "the Amended Complaint alleges facts that establish (or from which an inference can reasonably be drawn) that JM.JZ acted with actual malice in wrongfully taking Dr. Kuppinger's property." Response, pg. 13. However, intentionally withholding records is not equivalent to actual malice, the latter of which is the requirement for pleading a claim for punitive damages. Plaintiffs appear to recognize their own pleading deficiency by parenthetically stating that "an inference can reasonably be drawn" that JM.JZ acted with actual malice. Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), they must be alleged expressly rather than implicitly. The inference of such state of mind is insufficient from a pleading perspective. Accordingly, Count VI's claim for punitive damages must be stricken.

WHEREFORE, Defendant, JM.JZ Enterprises, Ind. d/b/a Coastal Health Group, respectfully requests this Court enter an order dismissing Plaintiffs' Amended Complaint, striking Plaintiffs' request for an award of punitive damages against JMJZ, and for all other and further relief this Court may deem just and proper.

Respectfully submitted,

**Pike & Lustig, LLP**

*/s/ Michael J. Pike*
Michael J. Pike
Florida Bar No.: 617296

          Daniel Lustig
          Florida Bar No.: 059225
          Talina Bidwell
          Florida Bar No.: 493163
          Andrew J. Boloy
          Florida Bar No.: 1018487
          1209 N. Olive Avenue
          West Palm Beach, FL 33401
          Telephone: (561) 855-7585
          Facsimile:  (561) 855-7710
          pleadings@pikelustig.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF on June 1, 2021 on all counsel or parties of record identified on the Service List below.

          */s/ Michael J. Pike*
          **Michael J. Pike, Esq.**

## SERVICE LIST

**Holland & Knight LLP**

Jesus E. Cuza, Esq.
Monica Castro, Esq.
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Jesus.cuza@hklaw.com
Monica.castro@hklaw.com

**Holland & Knight LLP**

Philip E. Rothschild, Esq.
515 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 468-7881
Facsimile: (954) 463-2030
phil.rothschild@hklaw.com

**Weissman & Dervishi, P.A.**

Peter A. Tappert, Esq.
One Southeast Third Avenue,
Suite 1700
Miami, Florida 33131
Telephone: (305) 347-4070
Facsimile: (305) 347-4077
ptappert@wdpalaw.com
service@wdpalaw.com

**Searcy Denney Scarola Barnhart & Shipley, P.A**.

John Scarola, Esq.
2139 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33409
Telephone: (561) 686-6300
Facsimile: (561) 383-9451
jsx@searcylaw.com
mmccann@searcylaw.com
scarolateam@searcylaw.com