UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-80492-CV-MIDDLEBROOKS

JORDAN KUPPINGER, MD, et al.,

    Plaintiffs,

v.

JM.JZ ENTERPRISES, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS AND STRIKE

THIS CAUSE comes before the Court upon the Motion to Dismiss and Strike (DE 24), filed by Defendant JM.JZ Enterprises, Inc. ("JM.JZ") on May 3, 2021; and the Joinder in and Supplement to Motion to Dismiss and Strike of JM.JZ, which I have construed as a Motion to Dismiss and Strike (DE 25), filed by Defendants Michael Cutler, Cheikh Robertson, and Jonn A. McClellan ("Individual Defendants") on May 6, 2021. Plaintiffs filed a Response on May 24, 2021 (DE 31), to which JM.JZ replied on June 1, 2021 (DE 35). For the following reasons, JM.JZ's Motion is granted in part and denied in part and the Individual Defendants' Motion is granted.

### I.    BACKGROUND

In their Amended Complaint, Plaintiffs assert several claims, of which only the following claims (brought solely by Plaintiff Jordan Kuppinger, MD) are meaningfully challenged in the present Motions: (1) intentional infliction of emotional distress against the Individual Defendants (Count III), (2) negligent infliction of emotional distress against the Individual Defendants (Count IV), and (3) vicarious liability against JM.JZ for the Individual Defendants' alleged intentional and/or negligent infliction of emotional distress (Count V). Defendants also contest the punitive damages requests in Counts III, IV, V, and VI, and attorneys' fees requests in Counts III and IV.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, courts are bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, "a complaint must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all of the plaintiff's factual allegations. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level[.]" *Id.* (citation omitted).

## III. DISCUSSION

At the outset, I note that I will consider the Individual Defendants' Motion to Dismiss and Strike even though it was filed three days after the deadline for filing a response to Plaintiffs' Amended Complaint. Although Plaintiffs point out that the Motion was not timely filed, Plaintiffs do not indicate that they have disregarded the Individual Defendants' Motion in reliance on the fact that it was not timely filed. Further, Plaintiffs had an opportunity to respond to the Motion or to seek to strike it. Indeed, Plaintiffs did directly respond to certain aspects of the Individual Defendants' Motion. (*See, e.g.*, DE 31 at 6 n.4). They did not, however, move to strike it. For those

reasons, and because the prejudice to Plaintiffs, if any, is slight given that the Motion was filed only three days after the response deadline, I will consider the Individual Defendants' Motion.

Turning to that Motion, I will grant its request for dismissal of Count III, the intentional infliction of emotional distress claim, as Plaintiffs' Response purports to withdraw that Count and declines to address the relevant arguments for dismissal. Accordingly, I will dismiss Count III.

Moreover, I will do so with prejudice. The day after Plaintiffs' Response was filed, Plaintiff Jordan Kuppinger, MD, filed a "Notice of Voluntary Dismissal and Withdrawal of Claim for Intentional Infliction of Emotional Distress," seeking to dismiss Count III without prejudice. (DE 32). I then entered an Order advising that Federal Rule of Civil Procedure 41 does not authorize the dismissal sought by Plaintiff Jordan Kuppinger, MD. (DE 34). I further explained that if Plaintiffs deemed it appropriate, they could seek leave to amend the Amended Complaint to omit Count III. (*Id.*). Plaintiffs never sought leave to amend. As such, Plaintiffs were (1) notified that the Notice of Voluntary Dismissal was ineffective and (2) afforded an opportunity to seek leave to amend to omit Count III. They failed to do so, and thus Count III remained in this lawsuit. And because Plaintiffs did not seek leave to amend their Response either, they have entirely failed to address the arguments for dismissal of Count III. Therefore, I will dismiss Count III with prejudice.

As for Count IV, the negligent infliction of emotional distress claim, the Individual Defendants contend that the claim "violates Florida's longstanding impact rule which precludes the recovery of damages for psychological injuries in the absence of a physical injury." (DE 25 at ¶ 3 (citing *Int'l Ocean Tel. Co. v. Saunders*, 32 Fla. 434 (1893))). In so arguing, the Individual Defendants note that "Florida law has developed to recognize limited exceptions to the impact rule," but they maintain that "none are applicable in the circumstances vaguely described in [Count IV]." (*Id.*). Plaintiffs' Response fails to even acknowledge, let alone counter, this argument.

"The impact rule, as applied in Florida, requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (internal quotation marks and citation omitted). "The rule actually requires some impact on the plaintiff, or, *in certain situations*, the manifestation of severe emotional distress such as physical injuries or illness." *Id.* (emphasis added) (citation omitted). As the Individual Defendants note, there are exceptions. But those exceptions "have been narrowly created and defined in a certain very narrow class of cases in which the foreseeability and gravity of the emotional injury involved, and lack of countervailing policy concerns, have surmounted the policy rationale undergirding the application of the impact rule." *Id.* (citation omitted).

Here, Plaintiffs allege that the Individual Defendants "know that Dr. Kuppinger suffers from a heart condition" but "have intentionally aggravated [that] condition through conduct that has been purposely aimed at causing Dr. Kuppinger distress." (DE 22 at ¶ 78). Plaintiffs claim that as a result of such conduct, "Dr. Kuppinger suffered severe emotional distress that forced Dr. Kuppinger to be taken to the emergency room and that has manifested itself in shortness of breath, chest pain, erythema, chronic fatigue, and aggravated angina, among other things." (*Id.* at ¶ 118).

Plaintiffs' Response, however, fails to discuss the impact rule and its exceptions, nor does it argue that an exception should apply under these circumstances. And although Plaintiffs allege that Plaintiff Jordan Kuppinger, MD's emotional distress manifested in "shortness of breath, chest pain, erythema, chronic fatigue, and aggravated angina," they do not argue that this case involves the type of circumstances necessary for the Court to consider such manifestations in determining whether the impact rule is satisfied. *Cf. Hagan v. Coca-Cola Bottling Co.*, 804 So. 2d 1234, 1237 (Fla. 2001) (explaining that the Florida Supreme Court has "modified the impact rule *in bystander*

4

*cases* by excusing the lack of a physical impact" such that "recovery for emotional distress would be permitted where one person suffers 'death or significant discernible physical injury when caused by psychological trauma resulting from a negligent injury imposed on a close family member within the sensory perception of the physically injured person'" (emphasis added) (citations omitted)). Moreover, even accepting as true Plaintiffs' allegations, the alleged physical manifestations do not appear to be sufficient to support Count IV. *See Williams v. Boyd-Panciera Fam. Funeral Care, Inc.*, 293 So. 3d 499, 500–01 (Fla. 4th DCA 2020) (noting that Florida courts have found "that memory loss and the exacerbation of a preexisting condition were insufficient to support a cause of action for negligent infliction of emotional distress" and "that hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life are intangible, mental injuries that are insufficient to meet the physical injury required under the impact rule" (citing *LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. 3d DCA 2004), and quoting *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 364 (Fla. 1995) (alteration and internal quotation marks omitted))).

Because there appears to be a reasonable basis in law and fact for the Individual Defendants' argument, which Plaintiffs entirely fail to counter, I will dismiss Count IV with prejudice. I note that even if granting leave to amend would not be futile, Plaintiffs did not properly seek the same.[1] "A district court is not required to grant a plaintiff leave to amend his complaint

---

[1] Plaintiffs' Response to the Motions to Dismiss and Strike concludes as follows: "Alternatively, if the Court grants the Motion, Plaintiffs should be afforded an opportunity to amend the Amended Complaint to cure any deficiencies the Court may identify." (DE 31 at 14). However, "[a] request for a court order must be made by motion[,]" which must "state with particularity the grounds for seeking the order[.]" Fed. R. Civ. P. 7(b)(1). Thus, Plaintiffs failed to properly seek leave to amend. *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("Here, the only request [the plaintiff] made for leave to file an amended complaint prior to the district court's dismissal of her complaint was a single line at the end of her motion in opposition to [the defendant's] motion to dismiss. This request was improper because it neither contained a proposed amendment, nor did it elaborate on the substance of the proposed amendment." (citation omitted)).

sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). For those reasons (particularly Plaintiffs' failure to respond to the impact rule argument), I will not grant leave to amend. As a result, Count V is also dismissed with prejudice because it is based entirely upon the theory that JM.JZ should be held vicariously liable for the conduct that is alleged in Counts III and IV—which I have dismissed with prejudice.

The above rulings render moot all but one of JM.JZ's remaining arguments. Specifically, all that remains is JM.JZ's argument for striking the request for punitive damages in Count VI, the conversion claim.[2] "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In his conversion claim, Plaintiff Jordan Kuppinger, MD, alleges that JM.JZ has refused to return his medical records and equipment (despite his requests for the same) "and has also fabricated accusations to justify its failure to return the medical records to Dr. Kuppinger." (*See* DE 22 at ¶¶ 124–32; *see also id.* at ¶ 85 ("In an attempt to further justify its conversion . . . , [JM.JZ] has manufactured baseless and untrue accusations that Dr. Kuppinger and Dr. Molloy were improperly soliciting [its] patients.")). The Amended Complaint also asserts that JM.JZ "has intentionally withheld these records and has incorrectly claimed—despite being presented with the applicable law—that 'the provider (which is [JM.JZ]) is and always has been the rightful owner' [of the medical records]." (*Id.* at ¶ 84 (second alteration in original)). JM.JZ seeks to strike the punitive damages request in that claim, arguing that the Amended Complaint does not "allege or provide any factual support that establishes JMJZ

---

[2] JM.JZ also suggests that the declaratory judgment claim is deficient because it does not specify which Defendants it is brought against. (*See* DE 24 at ¶ 4). That claim alleges that "an actual controversy exists between Plaintiffs and *Defendants*." (DE 22 at ¶ 134 (emphasis added)). As such, I find that Defendants are on notice that the claim is brought against all of them. Therefore, to the extent that JM.JZ sought dismissal of that claim on such grounds, I reject that argument.

intentionally pursued a course of conduct (1) with actual knowledge of the wrongfulness of the conduct and (2) the high probability that injury or damages would result." (DE 24 at ¶ 45).

I find the allegations in the Amended Complaint to be sufficient at the motion-to-dismiss stage to support the request for punitive damages in Count VI. "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." Fla. Stat. § 768.72(2). Accepting as true the allegations that JM.JZ intentionally refused to return property belonging to Plaintiff Jordan Kuppinger, MD, despite his requests, and even made false accusations in order to withhold certain property, I find that the Amended Complaint plausibly alleges facts that support a reasonable inference that JM.JZ engaged in intentional misconduct and/or gross negligence. I therefore decline to strike the punitive damages request in Count VI.

## IV. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

(1) JM.JZ's Motion to Dismiss and Strike (DE 24) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that it seeks dismissal of Count V of the Amended Complaint. The remainder of the Motion is denied.

(2) The Individual Defendants' Motion to Dismiss and Strike (DE 25) is **GRANTED**.

(3) Counts III, IV, and V of the Amended Complaint (DE 22) are **DISMISSED WITH PREJUDICE**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 24th day of August, 2021.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record