UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-80492-BER

JORDAN KUPPINGER, M.D., and
GERALD MALLOY, M.D.

                    Plaintiffs,

         v.

JMJZ ENTERPRISES, INC., et. al.,

                    Defendants.

_____/

**ORDER TO SHOW CAUSE**

The Court enters this Order to Show Cause *sua sponte*. Pending before the Court is Plaintiffs' Motion to Enforce Settlement Agreement. ECF No. 125. The Defendants filed a joint Response. ECF No. 131. Plaintiffs filed a Reply. ECF No. ECF 133.[1] All of these pleadings and their attachments were filed under seal. I held a public hearing on the Motion to Enforce on November 19, 2021.

The Eleventh Circuit recently reaffirmed the need for "resolute" enforcement of the presumption that the public should have access to judicial records. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356 (11th Cir. 2021). This presumption applies to documents filed in support of a motion seeking a ruling on the

_____

[1] No separate motion was filed to seal the Reply, as required by Local Rule 5.4(b)(1). Instead, the first page of the pleading states that it is being "Filed Under Seal." ECF No. 133 at 1. Presumably because of this notation, the Clerk of Court has restricted public access to this pleading pending further Order of the Court.

merits. *Id.* at *3-4.  The presumption can be overcome if good cause is shown.  *Id.* at n.2 (citing Fed. R. Civ. P. 26(c)(1)).  That good cause showing must include "as much particularity as possible."  Local Rule 5.4(b)(1).

The justification for sealing the Motion to Enforce Settlement Agreement was that it "detail[ed] provisions of the Settlement Agreement which, if enforced, would remain confidential."  ECF No. 123 (unopposed motion to seal).  The Motion to Seal contained no particulars about the nature of these provisions or why sealing is required.  The Motion to Seal the joint response simply stated, "As stated in Plaintiffs' Motion to Seal, due to the confidential nature of the tentative settlement, and in an effort to preserve that confidentiality, Defendants are seeking to file their Joint Response to Plaintiffs' Motion to Enforce Settlement Agreement and for Sanctions under seal."  ECF No. 129 at 2 (internal docket citations omitted).

Both motions to seal cite Magistrate Judge Louis' order in *Roland Corp. v. InMusic Brands, Inc.,* No. 17-CV-22405-FAM, 2020 WL 10818392 (S.D. Fla. July 3, 2020) (J. Louis).  The parties cite this order for the proposition that it "allow[ed] Plaintiff, on reconsideration, to file his Motion to Enforce Settlement Agreement under seal in order to protect commercially sensitive information, as well as to preserve the confidential nature of the settlement negotiations and draft settlement agreement."  ECF No. 129 at 2, ECF No. 123 at 3.  That citation is inaccurate.  Judge Louis was ruling on a Motion for Sanctions.  In the background section, she noted that *Plaintiff had sought* to seal its motion to enforce the settlement agreement for the reasons cited by the parties here.  *Roland,* 2020 WL 10818392 at *1.  She pointed

2

out that this motion had initially been denied, but that "the Court later granted Roland's request [to seal the motion to enforce the settlement] on a motion for reconsideration." *Id.* She did not address the reasons why the motion to reconsider was granted.

The motion to reconsider was not granted for the reasons stated by the parties here. The orders denying sealing, and later granting it on reconsideration, were issued by Judge Moreno. His order granting reconsideration relied solely on the plaintiff's representation that:

> the terms of the settlement agreement contain a "royalty payment term" which is "sensitive financial information" that both parties agreed should be confidential. Not redacting this royalty payment would "impair each party's ability to negotiate royalty terms in the future."

*Roland Corp. v. InMusic Brands, Inc.,* No. 17-CV-22405-FAM, at Docket Entry 289. He did not base his decision on a need to preserve the confidential nature of the settlement negotiations and draft settlement agreements.

**WHEREFORE,** it is ORDERED that on or before December 14, 2021, the parties shall show cause why the Motion to Enforce Settlement Agreement, the Joint Response, and the Reply should not be unsealed in full, or in the alternative should not be redacted and filed on the public docket. The Plaintiffs may file a single brief of up to 10 double-spaced pages. The Defendants may file a single brief of up to 10 double-spaced pages.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 29th day of November 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

4